19 F.3d 21
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Keith S. BETTS and Oskar B. McMillian, Plaintiffs-Appellants,
v.
Gary R. McCAUGHTRY, et al., Defendants-Appellees.
 No. 93-2929.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 16, 1994.*
Decided Feb. 24, 1994.
 
 Before CUMMINGS, KANNE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Keith Betts and Oskar McMillian, African-American inmates at the Waupun Correctional Institution, appeal the district court's grant of summary judgment in favor of the defendants in this action alleging violations of their rights under the First and Fourteenth Amendments. 42 U.S.C. Sec. 1983. Specifically, the plaintiffs dispute the constitutionality of the following prison policies: the censorship of musical cassettes bearing "Parental Advisory" labels and that promote violence; the ban against carved hairstyles, long fingernails and certain hair products; and the rule prohibiting the wearing of sunglasses and stocking caps indoors. They contend that these regulations discriminate against them on the basis of race and sex, and infringe on their right to express themselves. After reviewing the record, we agree with the district court's resolution of the plaintiffs' constitutional claims.[1]
 
 
 2
 In addition, Betts and McMillian now argue that the district court arbitrarily denied their First Amendment claim by denying them access to books and movies that convey messages allegedly similar to the banned cassettes. However, in the district court they requested an order allowing access to their legal files and materials. Even if these materials included the books and movies Betts and McMillian now say they needed, we find no error in the district court's denial of their request because the underinclusiveness of a prison regulation does not undermine its validity. South Suburban Housing Ctr. v. Greater South Suburban Bd. of Realtors, 935 F.2d 868, 892 (7th Cir.1991), cert. denied, 112 S.Ct. 971 (1992).
 
 
 3
 Accordingly, we AFFIRM the district court's judgment for the reasons stated in Betts v. McCaughtry, 827 F.Supp. 1400 (W.D.Wis.1993).
 
 
 
 *
 The parties stated in their briefs that oral argument was unnecessary. Then, after preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 We do take issue, however, with the character attacks on the litigants appearing first in the brief written by the Wisconsin Attorney General's Office and subsequently in Betts' and McMillian's reply brief. References to the parties such as "manipulative" and "documented liar" have no place in an appellate brief designed to discuss the legal issues and relevant facts pertinent to the case